UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| MONOLITHIC POWER SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> WEI DONG, et al, <br><br> Defendants. | Case No. 20-cv-06752-JSW (LB) <br><br> **DISCOVERY ORDER** <br> Re: ECF No. 43 |

## INTRODUCTION

Monolithic Power sued its former employees for breach of contract (predicated on their employment agreements) and fraud, claiming that the former employees stole Monolithic's confidential information. The parties dispute whether Monolithic must identify its trade secrets with particularity before discovery begins. *See* Cal. Civ. Code § 2019.210. Monolithic contends that § 2019.210 applies only to claims under the California Uniform Trade Secrets Act (CUTSA). The defendants counter that courts in this district routinely require the disclosure.[1] The trial court referred all discovery disputes to the undersigned.[2] The court held a hearing on August 26, 2021 and orders the disclosure.

---

[1] Joint Letter Brief – ECF No. 43. Citations refer to the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Order – ECF No. 37.

ORDER – No. 20-cv-06752-LB

## ANALYSIS

"In any action alleging the misappropriation of a trade secret under the Uniform Trade Secrets Act . . ., before commencing discovery relating to the trade secret, the party alleging the misappropriation shall identify the trade secret with reasonable particularity subject to any orders that may be appropriate under Section 3426.5 of the Civil Code." The court follows as persuasive the courts that apply § 2019.210 to claims like these.

For example, Judge Chen applied the statute to claims of patent infringement and breach of a nondisclosure agreement:

> Although neither party has cited any case which addresses the issue question, thus presenting an issue of first impression, the Court concludes that § 2019(d) [now § 2019.210] does apply to the case at bar. On its face, § 2019(d) is not limited to misappropriation claims pursuant to the UTSA. By its terms, § 2019(d) does not require that an identification of a trade secret be made in any action in which a claim for a violation of the UTSA is being asserted. Rather, it requires only that an identification of a trade secret be made "[i]n any action alleging the misappropriation of a trade secret under the Uniform Trade Secrets Act." Cal.Code Civ. Proc. § 2019(d).
>
> . . .
>
> Section 2019(d) thus applies not only to theft of trade secrets, but also to disclosure of secrets in violation of a nondisclosure agreement as alleged in the instant case.

*Neothermia Corp. v. Rubicor Med., Inc.*, 345 F. Supp. 2d 1042, 1043 (N.D. Cal. Nov. 15, 2004).

Similarly, the California Court of Appeal has held that § 2019.210 is not limited to causes of action under the UTSA:

> Section 2019.210 is clear and requires little if any interpretation or construction. By its own express terms, section 2019.210 is not "cause of action" specific. (*See Neothermia Corp. v. Rubicor Medical, Inc.* (2004) 345 F.Supp.2d 1042, 1043.) Rather, it refers to any "action," i.e. the entire lawsuit, "alleging misappropriation of a trade secret." (§ 2019.210.)

*Advanced Modular Sputtering, Inc. v. Super. Ct.*, 132 Cal. App. 4th 826, 834 (2005).

In its earlier complaint, Monolithic claimed breach of contract, a violation of the Computer Fraud and Abuse Act (CFAA), and fraud, alleging misappropriation of trade secrets.[3] In dismissing the complaint, the trial court held that Monolithic — by restating trade-secrets claims as something else — was trying to avoid CUTSA's strictures. It then applied CUTSA's

---

[3] Compl. – ECF No. 1 at 17–24 (¶¶ 71–109).

preemption provision and granted the motion to dismiss in part.[4] The amended complaint (the subject of a new motion to dismiss) drops the CFAA claim, claims breach of contract and fraud, and replaces the words "trade secret" with "confidential information."[5] But the crux of the claims is the same: trade-secret misappropriation. Following *Neothermia* and *Advanced Modular Sputtering*, the court orders Monolithic to comply with § 2019.210.

At the hearing, Monolithic said that other pending discovery requests are not about trade secrets. This order does not implicate any non-trade-secrets discovery.

This disposes of ECF No. 43.

**IT IS SO ORDERED.**

Dated: August 26, 2021

LAUREL BEELER
United States Magistrate Judge

---

[4] Order – ECF No. 37 at 8–10.

[5] *See, e.g.*, First Am. Compl. – ECF No. 39 at 3–4 (¶ 9).

ORDER – No. 20-cv-06752-LB         3