UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| MONOLITHIC POWER SYSTEMS, INC., <br><br>  Plaintiff, <br><br> v. <br><br> WEI DONG, et al., <br><br>  Defendants. | Case No. 20-cv-06752-JSW (LB) <br><br> **DISCOVERY ORDER** <br><br> Re: ECF No. 112 |
| MONOLITHIC POWER SYSTEMS, INC., <br><br>  Plaintiff, <br><br> v. <br><br> MERAKI INTEGRATED CIRCUIT (SHENZEN) TECHNOLOGY, INC. <br><br>  Defendants. | Case No. 22-cv-01986-JSW (LB) (consolidated) |

In these consolidated cases, Monolithic Power sued two former Monolithic employees and their new company, Meraki. The former employees allegedly took Monolithic's confidential information and used that information to obtain patents, create semiconductor products, and found Meraki, which is located in China and competes with Monolithic. The remaining claim against the two employees is for breach of their employment contracts based on the misappropriation of

ORDER – No. 20-cv-06752-JSW (LB), 22-cv-1986-JSW (LB)

confidential information.[1] The case against Meraki is for patent infringement, theft of trade secrets, tortious interference, and unfair competition.[2]

The parties dispute the number of fact depositions that are appropriate now that the Meraki case is in this district, and the proceedings are consolidated for pretrial purposes.[3] The court held a hearing on August 4, 2022, to address case-management issues, particularly given that the parties have a settlement conference in October. The court resolves the dispute as follows.

One, the case really is one case against the departing employees and their new company. The fact that the case against Meraki started in the Western District of Texas does not alter this conclusion for many reasons, including perhaps the strategic reasons for why Monolith sued in different districts. And while inter-district coordination of discovery is conceptually possible, practically, it doesn't happen if the parties do not agree to it. Again practically, the parties' incentives here are different. Viewing the consolidated case as one case, fact depositions thus generally are limited to ten depositions absent leave of the court. Fed. R. Civ. P. 30(a)(2).

Two, Monolithic agreed to limit its depositions of Meraki employees to ten depositions (and the court includes in this category Meraki's founders and angel investors, even if Monolith does not). If the cases are viewed as one, then that generally takes care of the number of depositions (except for the issue of third-party depositions, discussed below). That seems a reasonable compromise and consistent with Rule 26(b)(1) and (2). Fed. R. Civ. P. 30(a)(2). But there will be no double depositions of these fact witnesses. That said, there are at least two areas where depositions longer than seven hours may be appropriate: (1) depositions of the two former-employee defendants and (2) non-expert depositions of more complicated issues (such as trade secrets or patent infringement). The parties must at least confer on this non-controversial issue before making it a dispute.

---

[1] Order – ECF No. 37 (summarizing case); First Am. Compl. – ECF No. 39 at 2 (¶¶ 2–3), 16–18 (¶¶ 62–68, 71–72). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents. Unless otherwise noted, the court cites to the low-numbered case, No. 20-cv-06752-JSW (LB).

[2] Third Am. Compl., No. 22-cv-1986-JSW (LB) – ECF No. 96.

[3] Order – ECF No. 97; Disc. Letter Br. – ECF No. 112.

Three, for the reasons advanced by Monolith, the third-party depositions seem appropriate, particularly for damages. The defendants point out that many third-party depositions will not be possible because the deponents are in China. Monolith responds that it will conduct depositions, and many can be short depositions. On this record, the court will not constrain these depositions by the ten-deposition limit. But Monolith must provide the defendants with a reasonable and achievable discovery plan for those third-party deponents, and if the defendants oppose the depositions, they must identify the burden and say why they cannot mitigate the need for the depositions by providing "a complete record of its sales destined for the United States."[4] If the defendants provide the sales information, that might change the court's view of the need for the third-party depositions.

This order applies only to fact depositions, not expert depositions.[5]

This disposes of ECF No. 112.

**IT IS SO ORDERED.**

Dated: August 4, 2022

_____
LAUREL BEELER
United States Magistrate Judge

---

[4] Disc. Letter Br. – ECF No. 112 at 3.

[5] *Id.* at 2.